IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN VEASLEY                                                                                    PLAINTIFF

v.                                                                                          No. 4:13CV70-M-A

GEORGE DAVENPORT, ET AL.                                                        DEFENDANTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of John Veasley, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff alleges that on October 22, 2012, while he was on work detail (road crew) at the Tishomingo County State Work Program, his cell was searched, and the guards found two cell phones, which they attributed to Veasley. Though another inmate came forward and claimed the phones were his, Veasley was charged with – and found guilty of – a rule violation (possession of major contraband). As punishment for the infraction, he was removed from Trusty status for 6 months. He challenged the guilty finding through the Administrative Remedy Program, but he was unsuccessful at overturning it.

*Sandin*

The plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally

limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995) (citations omitted). In *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

Loss of Trusty status can be expected as a normal part of prison life, and certainly does not rise to level of an "of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin, supra*. These facts do not rise to the level of a Due Process violation, and as such, the instant case will be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 3rd day of July, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**